USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
EUGENE THOMAS, :
:
Plaintiff, :
: 20-CV-06024 (VEC)
-against- :
: MEMORANDUM
DEUTSCHE BANK NATIONAL TRUST COMPANY, : OPINION AND ORDER
et al., :
:
:
Defendant. :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiff Eugene Thomas, *pro se*, brought this action against Defendant Deutsche Bank National Trust Company ("DBNTC")[1] asserting claims for breach of contract, quiet title, and slander of title, and seeking injunctive and declaratory relief. Compl., Dkt. 1. On September 9, 2020, this Court referred the case to Magistrate Judge Parker for general pretrial proceedings and for the preparation of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b). Order of Reference, Dkt. 9. On October 21, 2020, DBNTC moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Notice of Mot., Dkt. 13. In response, on December 2, 2020, Plaintiff filed a motion for leave to amend the complaint. Dkt. 21. On March 10, 2021, Magistrate Judge Parker issued an R&R, in which she recommends that the Court grant DBNTC's motion with prejudice, dismissing all claims in this action, and deny Plaintiff's request for leave to amend. R&R, Dkt. 28.

In the R&R, Magistrate Judge Parker gave notice, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), that DBNTC had 14 days and Plaintiff had 17 days to file

---

[1] Plaintiff commenced suit against Defendant under an improper name. Defendant's proper legal name is "Deutsche Bank Trust Company as Indenture Trustee for New Century Home Equity Loan Trust 2006-2." Notice. of Mot., Dkt. 13.

written objections to the R&R's findings. *Id.* at 11. Magistrate Judge Parker also made clear that failure to file objections would result in both the waiver of objections and the preclusion of appellate review. *Id.* The Clerk of Court mailed a copy of the R&R to Plaintiff on March 10, 2021. As of the date of this Order, neither party has filed any objections. The Court assumes familiarity with the facts and background of this matter. For the following reasons, the Court ADOPTS the R&R in full. DBNTC's motion to dismiss is GRANTED. Plaintiff's claims against DBNTC are dismissed with prejudice, and Plaintiff's motion to amend the complaint is DENIED.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Careful review of Magistrate Judge Parker's R&R reveals that there is no clear error in its analysis or conclusions. Pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject-matter jurisdiction to hear this action. Furthermore, the doctrine of *res judicata* precludes this Court from addressing Plaintiff's claims. Both of these doctrines would also render futile any amendment to Plaintiff's complaint.

Magistrate Judge Parker correctly applied the *Rooker-Feldman* doctrine to Plaintiff's claims. *See* R&R at 4–7. *Rooker-Feldman* bars a plaintiff from seeking to relitigate in federal court a claim already resolved in state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

544 U.S. 280, 285 (2005).  Its application requires four specific conditions: (1) the plaintiff must have lost in state court; (2) the plaintiff must "complain of injuries" caused by the state court judgment; (3) the plaintiff must invite federal rejection of the state court judgment; and (4) the state court judgment must have been rendered before district court proceedings commenced. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).  As Magistrate Judge Parker observed: (1) Plaintiff previously brought the precise claims at issue here in two state court actions, both of which he "lost," *see* Dkt. 14-12 (initial foreclosure suit); Dkt. 14-22 (second suit); (2) he complains of injury resulting from those state court losses; (3) he invites this Court to reject the previous state court judgments, *see* Compl. ¶ LXXII (seeking injunctive relief from the initial foreclosure judgment); and (4) both state courts rendered their judgments before Plaintiff commenced this action, *compare* Dkt. 14-12 (judgment in the initial foreclosure suit entered on October 2, 2019) *and* Dkt. 14-22 (second suit dismissed on July 15, 2019) *with* Compl. (complaint in this action filed on July 9, 2020).

Furthermore, Magistrate Judge Parker also appropriately applied the doctrine of *res judicata* to preclude Plaintiff's claims.  *See* R&R at 7–8.  Pursuant to New York law, a party can employ *res judicata* as an affirmative defense if it can show that: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same] plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).  Here, both state court actions were adjudicated on the merits, featured the same parties, and not only *could* the claims at issue here have been brought in the earlier actions, the claims actually *were* brought and were dismissed.  R&R at 8; *compare* Dkt. 14-17 (complaint in second action) *with* Compl. (complaint in this action).

Finally, Magistrate Judge Parker accurately concluded that it is appropriate to deny Plaintiff's motion for leave to amend his complaint. R&R at 9. Any amendment would be futile because, as Magistrate Judge Parker notes, there are no new facts or new injuries mentioned in the complaint and thus no indication that Plaintiff can avoid running afoul of *Rooker-Feldman* and *res judicata*, no matter how Plaintiff amends his complaint. *Id.*

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R in full. Defendant's motion to dismiss the complaint is GRANTED. Plaintiff's motion for leave to amend is DENIED.

Because the R&R gave the parties adequate warning, *see* R&R at 11, Plaintiff's failure to file objections to the R&R precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a non-frivolous issue).

The Clerk of Court is respectfully directed to terminate all open motions and to close this case. The Clerk of Court is further directed to mail a copy of this order to Plaintiff at: Eugene Thomas, 2260 Hampden Place, Bronx, NY 10468.

**SO ORDERED:**

**April 8, 2021**  
**New York, New York**

_____  
**VALERIE CAPRONI**  
**United States District Judge**